**Samuel BENITEZ LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75437.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Jonathan F. Potter, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Samuel Benitez Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the BIA's decision denying his motion to reopen removal proceedings due to ineffective assistance of counsel. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We dismiss the petition for review in part and deny it in part.

We consider only the BIA's order denying Benitez Lopez's motion to reconsider, as he did not petition for review of the BIA's decision denying his motion to reopen. Accordingly, we lack jurisdiction over Benitez Lopez's contentions that his due process rights were violated and that prior counsel's ineffectiveness is manifest from the record. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996).

We conclude that the BIA acted within its discretion in denying the motion to reconsider. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The BIA did not act arbitrarily, irrationally, or contrary to law in deeming Benitez Lopez's submission of evidence that he sent a complaint to

his prior counsel and the state bar *after* the BIA denied his motion to reopen to be a numerically-barred second motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Alternatively, the BIA acted within its discretion in denying the motion to reconsider because it did not specify any "errors of fact or law in the prior Board decision." *Id.* § 1003.2(b)(1). The BIA had denied Benitez Lopez's motion to reopen because at that time he had not properly served the complaint on prior counsel or the state bar. Nothing in the motion to reconsider undermines the BIA's determination.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

